UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*,<br><br>PLAINTIFF<br><br>v.<br><br>Kevin Schwedo, Thomas Scott Wilkerson,<br>Robert "Rob" Bailes,<br>Charles Michael Dickens, Kevin Thomas,<br>Larry McNeill, Kathryn M. Crews,<br>Cathy Hazelwood, Marlboro County Sheriff Office,<br>County of Marlboro,<br>South Carolina Department of Education,<br>National Law Enforcement (NLETS),<br>Bill Phillips, Charles M. Coats, Jr. (SLED-CJIS,<br><br>DEFENDANTS | Case No. 4:23-cv-01911-TLW<br><br><br><br>**ORDER** |

Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, brings this action against the above-named defendants arising out of her arrest in South Carolina based on a warrant issued by the State of Georgia.[1] ECF No. 1. This case was assigned, pursuant to 28 U.S.C. § 636(b)(1)(B), to United States Magistrate Judge Thomas E. Rogers, III. The magistrate judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, which directs the Court to dismiss a complaint if it

---

[1] As noted by the magistrate judge, this is the *eleventh* lawsuit filed by Plaintiff concerning the Georgia warrant and her South Carolina arrest. ECF No. 11 at 6. As noted in several of the Court's orders in her other actions, the claims in each case arise out of the same set of alleged facts, and at least ten of these cases have previously been dismissed by this Court.

is frivolous, malicious, or fails to state a claim upon which relief may be granted, as well as when the complaint seeks monetary relief from a defendant who is immune from such relief.[2] Accordingly, the magistrate judge filed a Report and Recommendation ("Report"), ECF No. 11, recommending that this Court dismiss Plaintiff's complaint with prejudice and without service of process.

In support his recommendation, the magistrate judge notes that Plaintiff's action is repetitive of her other actions filed against the same defendants and based on the same underlying allegations. *Id.* at 4. Specifically, the magistrate judge notes that service of process has been authorized in one of these actions, No. 4:22-cv-00318-TLW-TER, where Plaintiff is actively pursuing her claims. *Id.* Further, the Report notes "[o]n several occasions via dismissals of her numerous actions, Plaintiff has been informed by the court that repetitious litigation is frivolous" and that she has received notice of Rule 11 sanctions. *Id.*

The Report concludes that the instant compalint is subject to summary dismissal because "the rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Id.* at 6 (quoting *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015)). Further, to the extent Plaintiff seeks to add parties or "correct" allegations in No. 4:22-cv-00318-TLW-TER, the Report finds that "Plaintiff cannot 'correct' complaints in No. 4:22-cv-00318-TLW-TER by

---

[2] The magistrate judge took this step because this action is repetitive of other actions filed by Plaintiff and because "Plaintiff's complaint is 82 pages in length and not in compliance with R[ule] 8." ECF No. 11 at 2.

filing new actions" and she "cannot circumvent orders in No. 4:22-cv-00318-TLW-TER by filing several duplicative and repetitive actions which have been found to be frivolous." *Id.*

Plaintiff did not file objections to the Report but rather a document entitled "Response to Report and Recommendation." ECF No. 13. The Court liberally construes this document as her objections. In her 23-page Response, Plaintiff reasserts the allegations forming the basis of her several actions, provides a factual and procedural history of her several actions, and discusses the litigation of her claims in No. 4:22-cv-00318-TLW-TER. *See id.* She states that several of the Defendants in both No. 4:22-cv-00318-TLW-TER and her dismissed actions should be added to this action. *Id.* Plaintiff concludes her Response by noting that she "reserves her right to appeal the decision of this Court" and notes that "Plaintiff also recommends that this Court adopt these recommendations that she has made in the stove referenced fashion along with the exhibits to go along with them and allow her to amend the complaint in accordance to Rule 15(b) and make appropriate changes." *Id.* at 22–23.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of specific objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo*

review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Plaintiff has not filed specific objections to the Report. Her Response does not articulate a single objection to the Report but instead provides a recitation of the underlying facts along with a procedural and factual history of her significant litigation history. Additionally, for the reasons stated by the magistrate judge, the Court must deny Plaintiff's request to amend her complaint. Allowing her to amend her complaint in this action to assert claims based on the same underlying facts that she is currently litigating in No. 4:22-cv-00318-TLW-TER would violate the Fourth Circuit's prohibition on claim splitting. *See Lee*, 802 F.3d at 635. Where, as here, a court is "faced with a duplicative suit, 'simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Evans v. Groom*, No. 7:17-CV-4-BO, 2017 WL 2779645, at *2 (E.D.N.C. June 26, 2017) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)); *see also Reaves v. S.C. Dep't of Pub. Safety*, No. CV 3:22-1323-TLW-TER, 2022 WL 17084344, at *3 (D.S.C. Sept. 22, 2022), *report and recommendation adopted*, No. 3:22-CV-1323-TLW, 2022 WL 17083117 (D.S.C. Nov. 18, 2022); *Reaves v. IDENTEGO/IDEMIA*, No. CV 3:22-1399-TLW-TER, 2022 WL 16752075, at *3 (D.S.C. Sept. 22, 2022), *report and recommendation adopted*, No. 3:22-CV-1399-

TLW, 2022 WL 16744783 (D.S.C. Nov. 7, 2022).

The Court has carefully reviewed the Report and Plaintiff's Response. For the reasons stated by the magistrate judge, the Report, ECF No. 11, is **ACCEPTED**. This matter is **DISMISSED WITH PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 4, 2023
Columbia, South Carolina